UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| AMBER PIKE, | Plaintiff, |
| v. | Civil Action No. 3:23-cv-42-DJH-RSE |
| HARDIN COUNTY WATER DISTRICT NO. 2 et al., | Defendants. |

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Amber Pike filed this employment-discrimination action against Defendants Hardin County Water District No. 2, Michael Youravich, Tim Davis, and Lea Ona Sims asserting retaliation and sex discrimination in violation of Title VII of the Civil Rights Act of 1964; hostile work environment in violation of the Kentucky Civil Rights Act (KCRA); retaliation and sex discrimination in violation of the KCRA; conspiracy; and a demand for punitive damages. (Docket No. 1) The Water District moves to dismiss Pike's discrimination and conspiracy claims, as well as the claim for punitive damages. (D.N. 6) Youravich, Davis, and Sims (the Individual Defendants) move for dismissal of all of the claims against them. (D.N. 7) After careful consideration, the Court will grant the Water District's motion and grant in part the Individual Defendants' motion for the reasons explained below.

**I.**

The Court "takes the facts only from the complaint, accepting them as true as [it] must do in reviewing a 12(b)(6) motion." *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 757 (6th Cir. 2020) (citing Fed. R. Civ. P. 12(b)(6)). Pike was employed by the Water District for thirteen years, from 2009 to 2022. (D.N. 1, PageID.3 ¶ 11) She alleges that "since Mr. Youravich was promoted from

Operations Manager to General Manager in April[] 2020 at [the Water District], [she] was subject to harassment, bullying, hostility, and discrimination by her colleagues and superiors at the Water District — specifically, Defendants Michael Youravich and Tim Davis." (*Id.* at ¶ 14)  Davis is a commissioner of the Water District. (*Id.*, PageID.4 ¶ 17)  According to Pike, Youravich and Davis took "effort[s] to bully and harass her" in the following ways: (1) "on one occasion Defendants Youravich and Davis and others conspired to purposefully force Ms. Pike to turn over her personal password to Defendant Youravich," which "would allow Defendant Youravich to access protected health information of other employees, information which Ms. Pike was tasked with protecting"; (2) "on multiple occasions . . . Youravich and Davis and others conspired to purposefully exclude Ms. Pike from important meetings"; (3) "on multiple occasions, Defendants Youravich and Davis and others conspired to purposefully withhold from Ms. Pike important information"; and (4) "on one occasion, Defendant Davis used Ms. Pike's credentials without her knowledge or permission to sell approximately $19,000,000.00 worth of bonds." (*Id.* at ¶¶ 19–22)  "[O]n multiple occasions, Ms. Pike reported the discrimination, hostility, and bullying to Defendant Lea Ona Sims," a Human Resources Specialist at the Water District, "who took no action to remedy the situation." (*Id.* at ¶¶ 18, 23)

In addition, in April 2022, "Pike brought on behalf of herself and other female employees at [the Water District] a complaint of sex discrimination to her General Manager, Defendant Youravich." (*Id.*, PageID.5 ¶ 24)  "The complaint alleged that Youravich and [the Water District] were discriminating against female employees at [the Water District]." (*Id.*)  Upon receiving the complaint, "Youravich informed Ms. Pike that he would not present her complaint and uniform vote taken amongst the females in the office to the [Water District] Board of Commissioners." (*Id.* at ¶ 25 (emphasis removed))  According to Pike, "instead of addressing the discrimination

2

complaint brought by [her], upon information and belief," Youravich and the Water District "and others conspired to retain a third-party human resources firm to investigate [her] for an incident that is alleged to have occurred in 2020." (*Id.* at ¶ 26)  Pike was ultimately terminated by the Water District in May 2022.  (*Id.*, PageID.6 ¶ 32)  She believes that she "was terminated as retaliation and discrimination for opposing and bringing to upper management a claim of sex discrimination." (*Id.* at ¶ 33)

Pike filed a charge of discrimination against the defendants with the U.S. Equal Employment Opportunity Commission and was issued a Notice of Right to Sue. (*Id.*, PageID.3 ¶ 10)  She then filed the instant action against the Water District and the Individual Defendants, individually and in their official capacities, alleging sex discrimination and retaliation in violation of federal and state law, as well as conspiracy. (D.N. 1)  She seeks at least $1.5 million in punitive damages.  (*Id.*)

The Water District moves to dismiss Pike's federal and state-law discrimination claims for failure to state a claim; her conspiracy claim as precluded by the intracorporate conspiracy doctrine; and her demand for punitive damages "on the grounds that such relief is unavailable under the KCRA . . . and exceeds the relief available under Title VII as a matter of law."[1]  (D.N. 6-1, PageID.40–41)  The Individual Defendants move to dismiss Pike's discrimination, conspiracy, and punitive-damages claims on largely the same grounds as the Water District, although the Individual Defendants also seek dismissal of Pike's retaliation claims. (*See* D.N. 7)

In response, Pike maintains that her complaint is adequate but asks that she be allowed to amend her complaint "to include additional allegations consistent with the evidence of

---

[1] The Water District does not seek dismissal of Pike's federal and state-law retaliation claims. (*See* D.N. 6-1; D.N. 12, PageID.131)

3

Defendant[s'] discriminatory and retaliatory actions, and harassment, if the Court determines that the allegations in Plaintiff's complaint are not sufficient to provide Defendant[s] with notice of Plaintiff's claims.[2]  (D.N. 10, PageID.108)  As explained below, the Court finds dismissal warranted as to some of Pike's claims.

## II.

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Factual allegations are essential; "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and the Court need not accept such statements as true.  *Id.*  A complaint whose "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct" does not satisfy the pleading requirements of Rule 8 and will not withstand a motion to dismiss.  *Id.* at 679.

**A.    Sex Discrimination and Hostile Work Environment**

The defendants seek dismissal of Pike's Title VII sex-discrimination claims and her KCRA sex-discrimination and hostile-work-environment claims.  They argue that Pike has alleged no facts supporting an inference of sex discrimination or hostile work environment.  (D.N. 6-1, PageID.45; D.N. 7-1, PageID.64)  According to the defendants, none "of the specific acts alleged by Plaintiff—being forced to turn over her password, exclusion from meetings, information withheld, sale of bonds without her knowledge— . . . are tinged with gender-based animus." (*Id.*,

---

[2] Pike filed identical responses to the defendants' motions.  (*See* D.N. 10, D.N. 11)

4

PageID.46)  The Court agrees that these acts do not appear to have any relation to Pike's gender.  Pike alleges that Youravich and Davis forced her to turn over her password, excluded her from meetings, withheld information from her, and sold millions in bonds using her credentials "in an effort to bully and harass her, and to make it more difficult for her to do her job" (D.N. 1, PageID.4), but she does not assert that they did so because of her sex.  Title VII, and by extension the KCRA, "does not prohibit all verbal or physical harassment in the workplace; it is only directed at '*discrimination* . . . because of . . . sex.'"  *Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 81 (1998); *see Coffey v. Equian*, No. 201-5751, 2021 U.S. App. LEXIS 3021, at *4 ("Because section 344.040 mirrors Title VII of the Civil Rights Act of 1964, discrimination claims under the KCRA are analyzed in the same way as claims brought under Title VII." (citing *Smith v. Leggett Wire Co.*, 220 F.3d 752, 758 (6th Cir. 2000))).  The allegations in the complaint make no connection between Pike's sex and the defendants' purportedly discriminatory conduct, which is fatal to her discrimination and hostile-work-environment claims.  (*See* D.N. 1)

Pike appears to recognize that she has failed to allege sufficient facts to state a plausible claim for discrimination.  In her response to the defendants' motions to dismiss, she attempts to merge her sex-discrimination and hostile-work-environment claims with her retaliation claims, stating that the allegedly discriminatory acts in the complaint, "when viewed in a vacuum, do not give rise to a cause of action.  The act giving rise to the cause of action is the discrimination and retaliation for reporting sex discrimination in the workplace."  (D.N. 10, PageID.98)  Pike cannot, however, rely on her allegations of retaliation to create a claim of discrimination because retaliation and sex discrimination are two distinct claims.  *See Schivelbein v. HCF Mgmt.*, No. 3:14CV1449, 2015 WL 7430085, at *4 (N.D. Ohio Nov. 18, 2015) (citing *Berry v. Delta Airlines*, 260 F.3d 803, 809 (7th Cir. 2001)).  Because nothing in Pike's complaint suggests that she was

subjected to harassment or unfair treatment because of her sex, her sex-discrimination and hostile-work-environment claims must be dismissed. *See Coffey*, 2021 U.S. App. LEXIS 3021, at *5–6.

**B.     Retaliation**

Only the Individual Defendants move to dismiss Pike's Title VII and KCRA retaliation claims. (*See* D.N. 12, PageID.131) The Court will address each claim in turn.

   **1.     Title VII**

As to Pike's federal claim, the Individual Defendants contend that individual employees cannot be held liable under Title VII (D.N. 7-1, PageID.69), which Pike concedes.[3] (D.N. 10, PageID.102) *See Galey v. May Dep't Stores Co.*, 9 F. App'x 295, 299 (6th Cir. 2001). Thus, the Court will dismiss Pike's Title VII retaliation claim as to the Individual Defendants.

   **2.     KCRA**

The KCRA prohibits retaliation or discrimination against an employee because she "opposed a practice declared unlawful" by the KCRA or because she "has made a charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under" the KCRA. Ky. Rev. Stat. § 344.280(1). "To demonstrate a prima facie case of retaliation under KRS § 344.280, a plaintiff must demonstrate that she (1) engaged in protected activity; (2) her engagement in that protected activity was known to the defendant; (3) the defendant took an adverse employment action against her; and (4) there is a causal link between her engagement in the protected activity and the adverse employment action." *Banados v. Alto-Shaam, Inc.*, No. CV 5:22-125-DCR, 2022 WL 2252750, at *2 (E.D. Ky. June 22, 2022) (citing *Benningfield v. Fields*, 584 S.W.3d 731, 738–39 (Ky. 2019)). Although Pike "need not prove the

---

[3] Pike concedes this point as to her Title VII discrimination claims against the Individual Defendants as well. (D.N. 10, PageID.102)

prima facie elements at this stage of the proceedings, [she] must allege facts that make these elements plausible." *Wiler v. Kent State Univ.*, No. 5:20-CV-490, 2021 WL 809350, at *7 (N.D. Ohio Mar. 3, 2021); *see generally Mesbah v. Univ. of Louisville*, No. 3:22-CV-567-CHB, 2023 WL 6050232, at *11 (W.D. Ky. Sept. 15, 2023) ("Retaliation claims brought under the KCRA are evaluated under the same standard used to evaluate federal Title VII claims.").

The Individual Defendants argue that Pike has failed to plead sufficient facts as to the second and third elements. (D.N. 7-1, PageID.70) Specifically, they contend that Pike's complaint fails to allege that "Davis had any knowledge of Plaintiff's alleged complaint of discrimination," or that "Youravich, Davis or Sims took any cognizable employment actions against Plaintiff in their individual capacities." (*Id.*)

### a.    Davis's Knowledge

The Court agrees with the Individual Defendants that Pike has failed to plead sufficient facts to make the second element of the prima facie case plausible as to Defendant Davis. Although the complaint alleges that Pike brought the sex-discrimination complaint to Youravich and "reported the hostility and discrimination" to Sims, none of the allegations in the complaint state or otherwise suggest that Davis knew that Pike complained of or reported any discrimination. (*See* D.N. 1) Thus, Pike has not plausibly alleged that "her engagement in . . . protected activity was known to [Davis]," *Banados*, 2022 WL 2252750, at *2, and her KCRA claim will be dismissed at to him.

### b.    Adverse Action

"An adverse employment action in the retaliation context consists of an action which would dissuade a reasonable worker from making or supporting a charge of discrimination." *Campbell v. Norfolk S. Corp.*, 876 F. Supp. 2d 967, 1000 (N.D. Ohio 2012) (citing *Burlington Northern &*

7

*Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).  The complaint here alleges "[t]hat the Defendants did in-fact retaliate against Ms. Pike by launching an investigation into Ms. Pike for an act that allegedly occurred in 2020, only after she reported sex discrimination in April[] 2020" and "[t]hat the Defendants did in-fact retaliate against Ms. Pike by humiliating her and terminating her employment."  (D.N. 1, PageID.9)  Pike acknowledges that the complaint does not allege that Youravich, Davis, or Sims, specifically, terminated her.  (D.N. 11, PageID.120)  She states that "no employee could know" the specifics of who chose to terminate her "without the benefit of discovery."  (*Id.*)  Pike contends, however, that she "knows that Mr. Youravich terminated her, but the underlying specific facts surrounding the termination will be brought to light through discovery."  (*Id.*)

The allegations in the complaint "provide 'sufficient factual content' from which the Court, informed by its 'judicial experience and common sense, could draw the reasonable inference' that [the Individual Defendants] retaliated against Plaintiff for complaining about" sex-discrimination at the Water District.  *Mesbah*, 2023 WL 6050232, at *14 (quoting *Bar v. Kalitta Charters II, LLC*, No. 21-1739, 2022 WL 3042844, at *5 (6th Cir. Aug. 2, 2022)).  Pike alleges that after she made a sex-discrimination complaint, Youravich and Sims subjected her to an investigation of a two-year-old incident and ultimately used that investigation "to provide pretext for her termination." (D.N. 1, PageID.9)  "These allegations, accepted as true for purposes of this motion, were sufficiently severe such that they 'might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'"  *Mesbah*, 2023 WL 6050232, at *14 (quoting *Bar*, 2022 WL 3042844, at *5).  Pike's KCRA retaliation claim as to Youravich and Sims will therefore survive the Individual Defendants' motion to dismiss.

### C.     Conspiracy

In her complaint, Pike alleges that the defendants conspired to discriminate and retaliate against her. (D.N. 1, PageID.10–11) In her response to the defendants' motions to dismiss, Pike concedes that her conspiracy claim should be dismissed as to the Water District but requests that the claim be dismissed without prejudice. (D.N. 10, PageID.105) The Water District maintains that dismissal with prejudice is appropriate based on the intracorporate-conspiracy doctrine. (D.N. 12, PageID.132-33)

The Individual Defendants likewise argue that the intracorporate-conspiracy doctrine bars Pike's conspiracy claim. (D.N. 7-1, PageID.72–73) Pike "agrees with the Defendant[s'] argument that if all three individual Defendants are employees, and all three were acting within the scope of their employment and on behalf of the company to help the company to achieve its goals — that the intra-corporate conspiracy doctrine applies[,] and the count should be dismissed." (D.N. 11, PageID.121) She asserts, however, that discovery is necessary to determine whether the doctrine applies, and she "believes she has stated a claim sufficient to withstand a motion to dismiss." (*Id.*, PageID.122) Specifically, Pike contends that she requires discovery to determine whether Davis is an employee or independent contractor of the Water District and to show that Youravich was not acting within the scope of his employment when he terminated Pike. (*Id.*) In reply, the defendants contend that Pike's complaint, "which governs whether Plaintiff has met her pleading standard, clearly alleges that each of Youravich, Davis, and Sims acted as employee, agent and representative of the [the Water District] . . . . and further alleges that each of the Individual Defendants acted within the scope of their employment." (D.N. 13, PageID.143 (footnotes omitted) (citing D.N. 1, PageID.2, 12))

9

"[A] conspiracy is a corrupt or unlawful combination or agreement between two or more persons to do by concerted action an unlawful act, or to do a lawful act by unlawful means." *Walter v. Guitar Ctr. Stores, Inc.*, No. 5:16-CV-459-JMH, 2017 WL 3260521, at *4 (E.D. Ky. July 31, 2017) (internal quotation marks omitted) (quoting *McDonald v. Goodman*, 239 S.W.2d 97, 100 (Ky. 1951)). Under the intra-corporate conspiracy doctrine, "a corporation cannot conspire with its employees, and its employees, when acting within the scope of their employment, cannot conspire among themselves." *Id.* at *5 (internal quotation marks omitted) (quoting *Cowing v. Commare*, 499 S.W.3d 291, 294 (Ky. Ct. App. 2016)).

Here, the complaint itself states that Youravich and Pike were "at all times hereto relevant . . . employee[s], agents[s], and representative[s] of [the Water District]" and "acted in the scope of [their] employment" (D.N. 1, PageID.2, 12), so Pike's claims must fail under the intracorporate-conspiracy doctrine. Pike's argument that her claim is not barred because discovery will show that Youravich "was acting for his own personal interest, as opposed to the company's" when he terminated her (D.N. 10, PageID.106) is unpersuasive and contradicted by the complaint. By making that argument, Pike concedes that she has not, at this stage, alleged any facts suggesting that Youravich acted outside the scope of his employment, which requires dismissal of her claim. *See Dunn v. Gordon Food Servs.*, No. 3:10-CV-00335-R, 2010 WL 4180503, at *3 (W.D. Ky. Oct. 20, 2010) (dismissing claim under intracorporate-conspiracy doctrine where the plaintiff argued that the defendant was acting outside the scope of his employment "as [his] actions were contrary to the overall goals of the corporation" but "fail[ed] to allege[] facts that would indicate that [the defendant] was acting in capacity other than as [the plaintiff's] supervisor").

10

### D.     Punitive Damages

Defendants also move to dismiss Plaintiffs' claim for punitive damages, which is set forth in Count V of the complaint as a stand-alone claim. (*See* D.N. 1., PageID.12) "However, a claim for punitive damages is not a separate cause of action, but a remedy potentially available for another cause of action." *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012) (citing *Toon v. City of Hopkinsville*, 2011 WL 1560590, at *3 (W.D. Ky. April 14, 2011)). Indeed, "[p]unitive damages are appropriately requested as a prayer for relief rather than a separate claim." *Hume v. Quickway Transportation, Inc.*, No. 3:16-CV-00078-JHM, 2016 WL 3349334, at *11 (W.D. Ky. June 15, 2016). The Court will therefore dismiss Pike's punitive-damages claim to the extent she asserts it as a separate cause of action. This dismissal does not preclude Pike from recovering punitive damages if the evidence ultimately warrants such a remedy.

### III.

Finally, the Court will deny Pike's request for leave to amend her complaint, which is unaccompanied by a proposed amended complaint or detailed description of any proposed amendment. (*See* D.N. 10, PageID.108 ("Plaintiff respectfully requests that she be allowed to amend the Complaint to include additional allegations consistent with the evidence of Defendant[s'] discriminatory and retaliatory actions, and harassment, if the Court determines that the allegations in Plaintiff's Complaint regarding Defendant[s'] actions are not sufficient to provide Defendant[s] with adequate notice of Plaintiff's claims.")) The Sixth Circuit "disfavor[s] . . . a bare request to amend a complaint in lieu of a properly filed motion." *Youngblood v. Bd. of Comm'rs of Mahoning Cnty.*, 847 F. App'x 267, 271 (6th Cir. 2021) (internal quotation marks omitted) (quoting *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). "Such a request—almost an afterthought—which provides no 'indication of the particular

grounds on which amendment is sought, does not constitute a motion within the contemplation of Federal Rule of Civil Procedure 15(a).'" *Id.* (quoting *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017)). And a plaintiff is "not entitled to an advisory opinion from the Court informing [her] of the deficiencies in the complaint and then an opportunity to cure those deficiencies." *La. Sch. Emps.' Ret. Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (emphasis removed) (quoting *Begala v. PNC Bank, Ohio, N.A.*, 214 F.3d 776, 784 (6th Cir. 2000)). Pike's request is therefore denied.

## IV.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1) The Water District's motion for partial dismissal (D.N. 6) is **GRANTED**. Pike's Title VII and KCRA discrimination claims; her conspiracy claim; and her punitive-damages claim are **DISMISSED** as to the Water District. Pike's Title VII and KCRA retaliation claims against the Water District may proceed.

(2) The Individual Defendants' motion to dismiss (D.N. 7) is **GRANTED in part**. Pike's Title VII and KCRA discrimination claims; her Title VII retaliation claims; her conspiracy claims; and her punitive-damages claims are **DISMISSED** as to the Individual Defendants. Pike's KCRA retaliation claim is **DISMISSED** as to Defendant Davis. The Individual Defendants' motion to dismiss is **DENIED** as to Pike's KCRA retaliation claims against Defendants Youravich and Sims. Pike's KCRA retaliation claims against Defendants Youravich and Sims may proceed.

(3)  This matter is **REFERRED** to Magistrate Judge Regina S. Edwards to conduct a status conference within **thirty (30) days** to set a litigation schedule to include a settlement conference.

March 20, 2024

David J. Hale, Judge
United States District Court